THE STATE OF OHIO, APPELLEE, *v.* RAMSEY, APPELLANT,

[Cite as State v. Ramsey, 9 Ohio App. 2d 345.]

(No. 27818—Decided March 23, 1967.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. George Moscarino,* for appellee.

*Mr. Charles W. Lazzaro* and *Mr. Samuel Protus,* for appellant.

CORRIGAN, J. Defendant was indicted and convicted of murder in the first degree for the uxoricide by stabbing of Betty Ramsey on July 6, 1965. They were living together under a common-law marriage arrangement. The three-judge court recommended mercy.

Appeal is before us on questions of law. Error is assigned as follows:

1. That the court erred in the admission into evidence of defendant's statement or confession.

2. For misconduct of the prosecuting attorney.

3. That the verdict is against the weight of the evidence.

4. That the court erred in overruling defendant's motion for a discharge at the close of the state's case.

5. For other errors manifest on the record.

As to the first claim of error, defendant's statement to police shows on its face that he was advised that he might be charged with murder, that anything he might say could be used against him at the trial, and that he had a right to remain silent. In addition, the record discloses that defendant was given the opportunity to talk to his attorney, Samuel Protus, and availed himself of this right, before he was questioned about the death of his wife. In our opinion, the requirements laid down by the United States Supreme Court in *Escobedo* v. *Illinois,* 378 U. S. 478, were honored. Two elements of the rule in relation to in-custody interrogation prescribed by *Escobedo* are, one, the person being interrogated must request and be denied the right to consult with counsel, and, two, the interrogators must have failed to effectively warn him of his absolute constitutional right to remain silent. See *State* v. *Carder,* 9 Ohio St. 2d 1.

Defendant argues in his brief that his rights under the Fifth Amendment of the United States Constitution were violated in connection with his confession and cites *Miranda* v. *Arizona,* 384 U. S. 436. However, the instant case was tried beginning January 24, 1966, months preceding *Miranda.* The application of *Miranda* and *Escobedo* is delineated by the Supreme Court of Ohio in *State* v. *Carder,* 9 Ohio St. 2d 1. Therein, it is pointed out that a case tried after *Escobedo* but prior to *Miranda* is subject only to the specific rules in relation to counsel during in-custody interrogation prescribed by *Escobedo.* The decision in *Miranda* applies only to trials begun after the date of that decision, namely, June 13, 1966.

Defendant's assignment of error No. 1 is accordingly overruled.

In connection with assignment of error No. 2, the claimed misconduct of the prosecuting attorney consisted of his failure

to introduce into evidence a pair of bloodstained pants and a shirt after having had these articles marked for identification and exposed to the view of the three-judge court. They were identified as being similar to articles of clothing worn by defendant when he was placed under arrest. It is argued that the articles were used in the trial in this manner with the intendment of influencing the court. Actually the record establishes that these articles were marked for identification as exhibits, identified, offered into evidence by the prosecuting attorney, objected to by counsel for the defendant, and then the offer was withdrawn by the state. It is totally absurd to suggest that such handling of these articles would influence this three-judge court or that the prosecuting attorney had such design in mind. And there is absolutely no intimation in the record that these items of apparel would have aided the defense in any way. We find no merit to assignment of error No. 2, and it is overruled.

The remaining three assertions of error relate to the weight of the evidence, entirely or in part. However, a careful reading of the bill of exceptions, with an examination of the exhibits, demonstrates that there is ample and substantial evidence supporting the finding and judgment of the court that the defendant is guilty of murder in the first degree, and these assignments of error are overruled.

The judgment is affirmed.

*Judgment affirmed.*

Aᴇᴛʟ, C. J., and Sɪʟʙᴇʀᴛ, J., concur.